**E-FILED on** 12/21/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MEGAN DEANN ALLEN, | No. C-06-07293 RMW |
|---|---|
| Plaintiff, | ORDER PARTIALLY STAYING DISCOVERY |
| v. | **[Re Docket No. (none)]** |
| COUNTY OF MONTEREY, ADA SIFUENTES, ANTONIO SIFUENTES, LUCILLE HRALIMA, STEVEN SINOR, ELVA MENCIA, MICHELLE CASSILLAS, PAT MANNION, ANTONIO MENDOZA CEBALLOS and DOES 1-30, inclusive, | |
| Defendants. | |

The County of Monterey requests a stay of discovery pending the mediation scheduled in this case for January 30, 2008. Plaintiff opposes the request. A telephone conference was held with the court on December 20, 2007. The court grants in part and denies in part defendant County's request.

On October 19, 2007, a case management conference was held. Since the father of the deceased minor's child had not appeared in the action, the case management conference was continued to December 14, 2007. No discovery plan was discussed but the parties expressed frustration with the time it was taking to get juvenile records that required an order from the Monterey County Juvenile Court. On November 7, 2007, pursuant to the stipulation of the parties, the case was referred to court ordered mediation with the mediation to be completed by December 14, 2007. On December 12, 2007, the parties filed a written stipulation, which the court accepted, to

ORDER PARTIALLY STAYING DISCOVERY
C-06-07293 RMW
TSF

continue the case management conference to March 21, 2008, because they had agreed to continue the mediation to January 30, 2008.

Meanwhile, on December 3, 2007 plaintiff served on the County a request for production of documents and a set of interrogatories. On December 7, 2007 plaintiff served a records subpoena on the County. The County complains that when the mediation was originally set, it was going to be conducted without the benefit of discovery to see if the case could be resolved without incurring discovery costs. Plaintiff does not disagree that the mediation as originally scheduled was going to occur before discovery. However, plaintiff contends that in light of the continued date of the mediation and the need to obtain information from the County, discovery is appropriate now.

The court finds that the parties at least implicitly contemplated that the mediation would take place without the benefit of discovery and that one goal of ADR is to minimize costs. It is also apparent that a good portion of the records and information requested cannot be released without a court order from the Monterey County Juvenile Court. On the other hand, the court appreciates plaintiff's frustration with the delay in getting a release order from the Juvenile Court and recognizes the plaintiff's need for information about County policies, practices and procedures. The County has agreed to respond to the discovery requested within 30 days of the completion of the mediation. The County claims it would be very time consuming to respond to the plaintiff's broad discovery requests before the mediation.

In balancing the needs and concerns of the parties, the court orders as follows:

1. Discovery is stayed pending the mediation except as set forth in 2-5 below;

2. The parties may continue their efforts to get the required order from the Juvenile Court and may view or obtain, as appropriate, any records authorized for disclosure or release by the Juvenile Court;

3. The County is to produce by January 25, 2008 any general written policy of the County with respect to its social workers' duties with respect to checking on conditions of foster homes that was in effect in 2004 or 2005;

4. The County is to produce by January 25, 2008 any general written policy of the County with respect to its social workers' procedures in responding to complaints of

1     suspected abuse in foster homes including its procedures to fulfill any mandatory reporting requirements;

5. The County is to respond to or move to limit or quash, as appropriate, the other discovery requested within 30 days of the completion of the mediation (the parties are reminded that discovery disputes are assigned to the magistrate judge); and

6. The parties are to propose a joint discovery plan in their next joint case management statement.

DATED: 12/21/07

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Robert Ross Powell | rpowell@rrpassociates.com |
| Dennis R. Ingols | dingols@rrpassociates.com |
| Douglas D. Durward | Doug@durwardlaw.com |

**Counsel for Defendants:**

| | |
|---|---|
| Elizabeth Mary Kessel | EMKessel@kesselaw.com |
| Scott Edward Boyer | SEBoyer@kesselaw.com |
| Alison Yew | yew@lbbslaw.com |
| Irene Takahashi | takahashi@lbbslaw.com |

**Notice of this document has been mailed to:**

Douglas Tsuchiya

341 Capitol Street, #1

Salinas, CA 93901

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/21/07                                                                 TSF

                                                                 **Chambers of Judge Whyte**

ORDER PARTIALLY STAYING DISCOVERY
C-06-07293 RMW
TSF                                                                 4